**Xiamei HAN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4021–AGNAC.**

United States Court of Appeals,
Second Circuit.

March 1, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Margaret M. Chiara, United States Attorney for the Western District of Michigan, Andrew Byerly Birge, Assistant United States Attorney, Grand Rapids, Michigan, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiamei Han petitions for review of the BIA's denial of her motion to reopen her deportation proceedings. We presume the parties' familiarity with the underlying facts and procedural history of the case.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam).

In July 2002, Han filed a motion with the BIA to reopen her deportation proceedings, stating that her case had been prejudiced by mistakes made in her proceedings by a non-legal agency and subsequent counsel. Han explained that she was told by the agency to sign a blank asylum application. The completed application was read to her only after it was filed, and, even though she noticed mistakes in it, she was instructed to testify at her asylum interview according to the erroneous information in the application. She claimed that, subsequently, counsel who represented her before the IJ did not carefully review her application with her prior to the hearing. Her application was then denied based on inconsistencies between her testimony and application. In July 2004, the BIA denied her motion to reopen for failure to comply with the requirements in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988) for alleging ineffective assistance, such that Han would be exempt from the 90–day filing requirement for such motions. *See* 8 C.F.R. § 1003.2(c)(2).

This Court has held that the 90–day filing deadline may be tolled to avoid inequitable circumstances, such as when a petitioner has suffered ineffective assistance of counsel. *Iavorski v. INS,* 232 F.3d 124, 129, 134 (2d Cir.2000). The BIA has said that a motion to reopen based on ineffective assistance of counsel must include, "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance of counsel and allowed counsel an opportunity to respond; and (3) if a viola-

tion of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so." *Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005) (citing *Matter of Lozada,* 19 I. & N. Dec. 637, 639, 1988 WL 235454 (BIA 1988)).

Han argues that, because the "source" of the ineffectiveness was a non-legal agency, it was not necessary for her either to inform the agency of its ineffectiveness or to file a complaint with a disciplinary authority, as there are none governing such agencies. However, Han appeared to allege ineffectiveness by both the agency and subsequent counsel in her motion to reopen. Therefore, it is difficult to accept the implications of her argument that she was relieved of her obligation to comply with *Lozada.* Even accepting her argument, however, *Lozada* explicitly lays out an exception to the requirement to inform a disciplinary agency, which is that a petitioner may explain why she failed to do so. *See Twum,* 411 F.3d at 59. Presumably, the lack of a disciplinary body for such agencies could have been an acceptable explanation for failing to file a complaint, but Han offered no such explanation to the BIA. Because it appears that Han failed to comply with the requirements of *Lozada,* the BIA did not abuse its discretion in denying her motion to reopen on this ground. *See Kaur v. BIA,* 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).